UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CPR Telecom Corp., Inc., and
Kevin Parkford,

                Plaintiffs,

v.

Bullseye Telecom, Inc.,

                Defendant.

_____/

Case No. 16-cv-10214
        16-cv-10732

Judith E. Levy
United States District Judge

Mag. Judge R. Steven Whalen

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE THE ARBITRAL AWARD, GRANTING PLAINTIFFS' MOTION TO CONFIRM THE AWARD AND REQUEST FOR ATTORNEY FEES AND COSTS, AND DENYING PLAINTIFFS' REQUEST FOR SANCTIONS [19, 20]**

Before the Court are defendant Bullseye Telecom, Inc.'s motion to vacate the arbitral tribunal's award of attorney fees and costs, and plaintiffs CPR Telecom, Inc. and Kevin Parkford's motion to confirm the award. (Dkts. 19, 20.) Plaintiffs' motion also includes a request for attorney fees and costs associated with this challenge to the arbitral award and a request that the Court sanction defendant. (Dkt. 19 at 24.)

For the reasons set forth below, defendant's motion to vacate the award is denied. Plaintiffs' motion to confirm the award and request for attorney fees and costs arising from the challenge to the arbitral award is granted, and their request for sanctions is denied.

I. **Background**

On December 6, 2006, plaintiffs and defendant entered into an Authorized Distributor Agreement (ADA) whereby plaintiffs, through an entity known as Telecom Worldwide, became authorized distributors of defendant's telecommunication products. (Dkt. 20 at 11; Dkt. 20-3 at 3.) On December 1, 2009, the parties entered into Addendum No. 1-A, which permitted plaintiffs to sell certain voice and internet services under the terms of the addendum and ADA. (Dkt. 20 at 14.) This addendum also modified the commission fee provisions of the ADA, providing for reductions in the fees under certain conditions. (*Id.*) In January 2010, the parties entered into another addendum that permitted plaintiffs to sell specific services to Domino's Pizza franchises. (*Id.*) Both of these addenda expressly incorporated the terms of the ADA. (*See* Dkt. 20-3 at 34–35.)

In 2010, Michael Nelson, an agent of plaintiff Parkford, approached IBM about selling certain services to Domino's franchises. (Dkt. 20 at 15–16.) Negotiations between Mr. Parkford, Mr. Nelson, IBM, Domino's, and Bullseye Telecom ensued, and are recounted in detail in the arbitral tribunal's award. (*See* Dkt. 20-5.) In August 2011, IBM and defendant entered into the Non-Development Solutions Engagement Agreement (NDSEA) for the sale of IBM products through defendant to Domino's franchises. (*Id.* at 18.) In late September 2011, IBM decided not to work with Mr. Nelson regarding sales to Domino's. (*Id.* at 25.) Plaintiffs claimed that although they were not parties to the NDSEA, because the agreement involved sales to Domino's, they were entitled to receive commissions under the Domino's Franchise Agreement. (*Id.* at 29.) Defendant disagreed and did not pay the commission fees.

In June 2013, plaintiffs filed a demand for arbitration. Plaintiffs claimed they were entitled to over five million dollars in unpaid commission fees under the ADA, and defendant counterclaimed that plaintiffs breached the ADA. (Dkt. 20-4 at 5.) The arbitral tribunal found plaintiffs were entitled to unpaid commissions totaling $480,000,

3

stating, "[Bullseye Telecom] knew [CPR Telecom] expected to be compensated for its services under the ADA and the Addenda thereto," and eventually "confirmed, in writing, [CPR Telecom's] right to commissions on the contract to be executed between [Bullseye Telecom]/IBM and Domino's." (*Id.* at 5–6.)

## II. Legal Standard

A court may vacate an arbitration award if, *inter alia*, "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). However, "courts should play only a limited role in reviewing the decisions of arbitrators," and "[t]he Federal Arbitration Act presumes that arbitration awards will be confirmed." *Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir. 2000) (internal citations omitted). Thus, "[t]he burden of proving that the arbitrators exceeded their authority is great." *Solvay Pharm., Inc. v. Duramed Pharm., Inc.*, 442 F.3d 471, 476 (6th Cir. 2006) (quoting *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 330 F.3d 843, 845 (6th Cir. 2003)). "The terms of the contract define the powers of the arbitrator, and 'as long as the arbitrator is even arguably construing or applying

4

the contract and action within the scope of his authority, that a court is convinced he committed a serious error does not suffice to overturn his decision.'" *Id.* at 476 (quoting *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)). A court, therefore, may not vacate an award "simply because the court . . . believes the arbitrator made a serious *legal* or factual error." *Id.*

Accordingly, "if the arbitrator's award 'draws its essence from the . . . agreement,' . . . the award is legitimate." *Id.* (quoting *United Steelworkers of Am. v. Enter. Wheel & Car Co.*, 363 U.S. 593, 597 (1960)). An award does not "draw its essence from the agreement when: (1) it conflicts with express terms of the agreement; (2) it imposes additional requirements not expressly provided for in the agreement; (3) it is not rationally supported by or derived from the agreement; or (4) it is based on 'general considerations of fairness and equity' instead of the exact terms of the agreement." *Id.* (quoting *Beacon Journal Pub. Co. v. Akron Newspaper Guild, Local No. 7*, 114 F.3d 596, 600 (6th Cir. 1997)).

### III. Analysis

The parties have filed competing motions—one to confirm the award and one to vacate it. The Court will consider the motions

together because under the Federal Arbitration Act, "the court *must* confirm the award where it is not vacated, modified or corrected." *Wachovia Sec., Inc. v. Gangale*, 125 F. App'x 671, 676 (6th Cir. 2005).

Defendant challenges only the award of attorney fees and costs, arguing Article 11.11 of the ADA was not triggered.  Article 11.11 provides:

> In the event of any legal dispute between the parties relating to the Agreement, including arbitration provided in Section 11.12, the most prevailing party (relative to the claims made in connection with such dispute) shall be entitled to all costs and legal expenses including, but not limited to, reasonable, ordinary and necessary attorney fees, accounting fees, court costs, except expert witness fees and investigation fees.

(*See* Dkt. 20-3 at 11.)

Before addressing the merits of defendant's claim, the Court will address plaintiffs' argument that defendant waived its right to challenge the award of attorney fees because defendant requested attorney fees at the beginning of the arbitration and before this Court. (Dkt. 24 at 9–10; *see also* Dkts. 7-1 at 11, 20-2 at 2.)  Defendant claims it has not waived the argument because "Bullseye had no way to know whether the panel would conclude that an award was appropriate based on the ADA or something else entirely, though Bullseye consistently

6

argued that Parkford's claims did not apply to the ADA." (Dkt. 20 at 30–31.)

Defendant's counterclaim was based on the ADA, and it was reasonable to consider seeking attorney fees at the outset of the arbitration. Moreover, the arbitral tribunal's award does not show whether the parties were given the opportunity to argue whether attorney fees should be awarded or in what amount. (*See* Dkt. 20-4.) Given these facts, nothing suggests "the company waived its right to have the court decide the arbitrability question by participating in the arbitration proceedings." *Cleveland Elec. Illuminating Co. v. Util. Workers Union of Amer.*, 440 F.3d 809, 813 (6th Cir. 2006). Accordingly, the Court will consider the merits of defendant's claim.

### *A. The arbitral tribunal did not exceed its authority by granting plaintiffs attorney fees and costs*

Defendant claims the arbitral tribunal exceeded its authority by awarding attorney fees and costs. Specifically, defendant claims that the contractual provision of the ADA permitting the most prevailing party to be awarded attorney fees and costs, Article 11.11, was not triggered because the dispute did not relate to the ADA. (Dkt. 20 at 22.) Defendant also argues plaintiffs were not the "most prevailing party"

7

because plaintiffs requested five million dollars, but were awarded only $480,000. (*Id.* at 18–19.)

The arbitral award was based on the provisions of the ADA. From the evidence presented during the arbitration, the tribunal appears to have concluded that the NSDEA confirmed payments to which plaintiffs were initially entitled under the ADA and the Domino's Franchise Addendum. (*See* Dkt. 20-4 at 5–6.) As the tribunal found, the "preponderance of the evidence shows that [Bullseye Telecom] initially considered these sales would be commissionable to [CPR Telecom] and gave [CPR Telecom] assurances to that effect." (*Id.* at 5.) Based on this and other evidence, the tribunal then held that defendant "materially breached the ADA as amended by the Addenda" by refusing to pay commissions to plaintiffs "on the contract to be executed between [Bullseye Telecom]/IBM and Domino's." (*Id.* at 6.)

Moreover, defendant initially requested a state court vacate the entire award because the tribunal allegedly reached its conclusions based on an "express or implied agreement to compensate Parkford." (Dkt. 7-1 at 11.) However, defendant has not raised this claim again, effectively conceding that the tribunal did not exceed its authority in

8

finding plaintiffs were entitled to commissions.[1]  Accordingly, because the tribunal concluded that in failing to pay commission fees defendant "materially breached the ADA as amended by the Addenda," the award was derived from the ADA, and the tribunal's decision to apply Article 11.11 drew from the essence of the agreement.

A court should not "review the merits of every construction of the contract" made by the arbitral tribunal, especially when, as here, the party asking the Court to vacate the award does not contest the central findings of the underlying award.  That "would make meaningless the provisions that the arbitrator's decision is final." *See Mich. Family Res., Inc. v. Serv. Emps. Int'l Union Local 517M*, 475 F.3d 746, 751 (6th Cir. 2007).  And because the tribunal found the ADA was breached, "the plain language" of Article 11.11 indicates it was rational for the tribunal to award attorney fees and costs to plaintiffs.  *See Crossville*

---

[1] Although defendant claims the ADA is inapplicable and that the tribunal's decision was not related to the ADA, defendant repeatedly raises arguments related to the ADA.  For example, defendant argues plaintiffs were not entitled to commission fees because IBM was not a customer as defined by the ADA. (Dkt. 20 at 26.)  Defendant also repeatedly made such arguments to the tribunal, suggesting defendant understood the underlying dispute relates to the scope of the ADA.  For example, defendant wrote to the tribunal, "The ADA formed the sole basis for this arbitration and provided for sales commission to Mr. Parkford." (Dkt. 20-5 at 47.)

*Med. Oncology, P.C. v. Glenwood Sys.*, 610 F. App'x 464, 468 (6th Cir. 2015) (court must interpret contract based on its plain language).

First, plaintiffs prevailed on their request for commission fees, and defeated defendant's counterclaim. (Dkt. 20-4 at 6.) Thus, it was rational for the tribunal to consider plaintiffs the "most prevailing party." Further, because the tribunal concluded the commission fees were owed based on the ADA and addenda, it was reasonable to conclude the dispute "related to the Agreement." Thus, the tribunal was construing the language of Article 11.11, and did not exceed its authority in finding Article 11.11 applicable to the dispute. *Solvay Pharm., Inc.*, 442 F.3d at 476; *WMA Sec., Inc. v. Wynn*, 32 F. App'x 726, 730 (6th Cir. 2002) (court may not vacate an award of attorney fees unless the award was "made in manifest disregard of the law"); *Golden v. Lim*, Case No. 15-10795, 2016 WL 520302, at *10 (E.D. Mich. Feb. 10, 2016) (noting that award of attorney fees may be legal or factual error, but court review was limited to whether arbitrators were arguably construing or applying the agreement).

Finally, the plain language of Article 11.11 shows the arbitral tribunal rationally concluded plaintiffs were the most prevailing party.

The ADA does not define "most prevailing party," and the arbitrators did not articulate why plaintiffs were the most prevailing party. However, as set forth above, given the favorable outcome for plaintiffs and the fact that defendant did not prevail on its counterclaim, along with the fact that the arbitral tribunal was construing and applying the ADA, the arbitral tribunal did not exceed its authority in finding plaintiffs were the most prevailing party. *Schroeder v. Mulelr Weingarten Corp.*, No. 296420, 2011 WL 1570363, at *3 (Mich. Ct. App. Apr. 26, 2011).[2]

Because defendant has not demonstrated that the award should be vacated, it is not necessary to remand the case to the original arbitral tribunal. Accordingly, defendant's motion to vacate the award is denied, and plaintiffs' motion to confirm the award is granted. *Wachovia Sec., Inc.*, 125 F. App'x at 676.

---

[2] Defendant argues that it is the "most prevailing party" because plaintiffs' initial demand was for $5,000,000 in commissions, but they were awarded only $480,000, meaning defendant successfully avoided paying plaintiffs' full demand. But this is not logical. Parties often plead in the alternative or demand more than they truly believe they will receive. The fact remains that plaintiffs were awarded nearly one-half million dollars in commissions and defendant did not succeed at all on its counterclaim.

11

### B. *Plaintiffs are entitled to attorney fees and costs arising from this challenge to the arbitral award*

Plaintiffs request attorney fees and costs arising from these court proceedings, in addition to the fees and costs awarded by the arbitral tribunal. (Dkt. 19 at 24.)

Generally, absent a statute or contract providing for attorney fees, "a prevailing party may not [] recover attorney fees." *Monroe Auto Equip. Co. v. Int'l Union, United Automotive, Aeropace and Agr. Implement Workers (UAW), Monroee Auto Equip. Co., Unit of Local 878*, 981 F.2d 261, 269–70 (6th Cir. 1992). Here, Article 11.11 of the ADA expressly provides for attorney fees in certain situations. Thus, the Court must "apply[] the rules of contract interpretation" to determine if the ADA permits an award of attorney fees and costs arising from these court proceedings. *Crossville Med. Oncology, P.C. v. Glenwood Sys., LLC*, 610 F. App'x 464, 468 (6th Cir. 2015).

Article 11.11 provides, "[i]n the event of any legal dispute . . . relating to the Agreement, including arbitration . . . the most prevailing party . . . shall be entitled to all costs and legal expenses including . . . attorney fees [and] court costs." The plain language demonstrates that

the prevailing party may be entitled to attorney fees and costs incurred from court proceedings. The term "any legal dispute" is broad and inclusive of court proceedings, as further evidenced by the clarification that the phrase extends to arbitration. Attorney fees may be awarded here if the other conditions for such fees are satisfied. *See Crossville Medical Oncology, P.C.*, 610 F. App'x at 468.

As set forth above, defendant's motion to vacate is denied and plaintiffs' motion to confirm the award is granted. And plaintiffs' requests for sanctions and prejudgment interest, and part of their request for postjudgment interest are denied, as set forth below. Article 11.11 instructs the reviewing court or tribunal to consider who the most prevailing party is "relative to the claims made." Here, the motions to vacate and confirm are far more substantial than plaintiffs' request for sanctions. Thus, because plaintiffs prevailed on their motion to confirm the award, they are the most prevailing party.

Finally, this legal dispute relates to "this Agreement," i.e., the ADA. The dispute not only requires the Court to consider the arbitral award, which concluded plaintiffs' claims were rooted in the ADA and addenda, but also requires the Court to construe the Agreement,

13

especially Article 11.11. Thus, the dispute "relates to"—or is connected with—the ADA.

Accordingly, plaintiffs are entitled to attorney fees and costs associated with this challenge to the arbitral award, as well as postjudgment interest on this award of fees and costs pursuant to 28 U.S.C. § 1961, to begin accruing when these fees and costs are awarded and judgment is entered.[3] *See Gen. Elec. Co.*, 426 F. Supp. 2d at 597 (awarding fees and costs pursuant to section 1961 from the time the court "entered its federal judgment").

### C. *Plaintiffs are not entitled to sanctions against defendant for filing the motion to vacate*

Plaintiffs seek sanctions against defendant for challenging the arbitration award, arguing defendant's claim is frivolous. (Dkt. 24 at

---

[3] Plaintiff requests prejudgment and postjudgment interest, but does not provide any supporting argument for its request or clarify whether the request is applicable to the arbitration award or its request for attorney fees and costs arising from the court challenge to the arbitration award. An arbitration award is not a "money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Thus, plaintiff is not entitled to pre- or postjudgment interest on the arbitration award. *Gen. Elec. Co. v. Anson Stamping Co. Inc.*, 426 F. Supp. 2d 579, 596–97 (W.D. Ky. 2006) (considering various Supreme Court and other federal court precedent before concluding arbitration awards are not judgments for purposes of section 1961). Further, as plaintiff has not submitted any support for its request for prejudgment interest insofar as the request applies to the motion for attorney fees and costs arising from this case, the Court denies the request.

15.) Fed. R. Civ. P. 11 permits a court to award sanctions when it determines a party has submitted motions that are frivolous. An argument "may be frivolous where 'it is obviously without merit and is prosecuted for delay, harassment, or other improper purposes.'" *Uhl v. Komatsu Forklift Co., Ltd.*, 512 F.3d 294, 308–09 (6th Cir. 2008).

In this case, defendant's motion "may indeed be quite weak," but given the complex nature of the agreements and negotiating history between the parties, it is not frivolous, and plaintiffs have not "presented any evidence [to show defendant filed the motion for] some improper purpose." *Uhl*, 512 F.3d at 309. Accordingly, plaintiffs' request for sanctions is denied.

## IV. Conclusion

For the reasons set forth above, defendant's motion to vacate the arbitral award is DENIED. (Dkt. 20.) Plaintiffs' motion to confirm the award is GRANTED (Dkt. 19), and their request for sanctions is DENIED. Finally, plaintiffs' request for attorney fees and costs associated with this challenge to the arbitral award is GRANTED.

Defendant is ORDERED to pay plaintiffs $480,000 in damages, $199,589.85 in legal fees and costs, and $55,848.75 in arbitration costs,

and attorney fees and costs, with postjudgment interest in an amount to be determined pursuant to 28 U.S.C. § 1961, arising from the challenge to the arbitral award. Plaintiffs must submit the amount of attorney fees and costs requested, the postjudgment interest rate applicable under section 1961, and supporting documentation by January 25, 2017.

IT IS SO ORDERED.

Dated: January 11, 2017                s/Judith E. Levy
Ann Arbor, Michigan                    JUDITH E. LEVY
                                       United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 11, 2017.

                                       s/Felicia M. Moses
                                       FELICIA M. MOSES
                                       Case Manager